UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| JIMMY LEE TUCKER, ) | |
| ) | |
| Petitioner, ) | Civil No. 0: 15-53-HRW |
| ) | |
| v. ) | |
| ) | |
| JODIE L. SNYDER-NORRIS, ) | **MEMORANDUM OPINION** |
| Warden, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jimmy Lee Tucker is a prisoner at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Tucker has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Tucker's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts

1

the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

# I

On November 5, 2003, a federal grand jury sitting in Bowling Green, Kentucky issued an indictment charging Tucker with a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On June 28, 2004, Tucker signed a written agreement to plead guilty to that charge. Because Tucker qualified as a career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), on September 27, 2004, the trial court sentenced Tucker to the mandatory minimum term of 180 months imprisonment.

Tucker filed a motion to alter or vacate his sentence pursuant to 28 U.S.C. § 2255 on August 15, 2005. In recommending the denial of that motion, a magistrate noted that in his plea agreement Tucker had stipulated to the factual basis for the § 922(g) charge against him, and he further "agreed he had four prior felony drug trafficking convictions in the Barren County, Kentucky, Circuit Court." As part of that plea agreement, Tucker had also expressly waived "his right to challenge his sentence and the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255." The trial court denied Tucker's § 2255 motion in light of the plea waiver, and the Sixth Circuit denied his request for a certificate of appealability on the

same ground. *United States v. Tucker*, No. 1:03-CR-48-JHM-ERG-1 (W.D. Ky. 2003).

## II

In his petition, Tucker contends that the enhancement of his pursuant to 18 U.S.C. § 924(e) is now unconstitutional in light of the Supreme Court's recent invalidation of the ACCA's "residual clause" in § 924(e)(2)(B)(ii) as void for vagueness in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). [D. E. No. 1 at pp. 2-3]. The ACCA provides in pertinent part that:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year ... that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another ...

18 U.S.C. § 924(e)(2)(B). Under the ACCA, certain offenses qualify as prior "violent felonies" under subsection (e)(2)(B)(i) if they involved "the use, attempted use, or threatened use of physical force against the person of another." Still others – such as burglary, arson, extortion, or the use of explosives – constitute "enumerated offenses" and qualify as "violent felonies" in subsection (e)(2)(B)(ii) by virtue of their explicit demarcation as such. Finally, other unidentified offenses could qualify as predicate offenses if they satisfied the ACCA's "residual clause"

3

because they "otherwise involve[] conduct that presents a serious potential risk of physical injury to another."

In *Johnson*, the Supreme Court noted that over the years federal courts had reached disparate results evaluating various state offenses under the residual clause, 135 S. Ct. at 2556, 2558, and concluded that it was void for vagueness in violation of the Fifth Amendment because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557.

Having reviewed Tucker's petition, the Court concludes that *Johnson* does not afford him a basis for relief in this proceeding. Ordinarily, a federal prisoner must present a challenge to the legality of his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Instead, a petition filed under 28 U.S.C. § 2241 is designed to serve as a vehicle only for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing

sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

The "savings clause" found in 28 U.S.C. § 2255(e) will, under highly exceptional circumstances, permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) is "inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory

5

construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

Tucker's claim, predicated upon his assertion that § 924(e)(2)(B)(ii)'s "residual clause" is unconstitutionally vague, does not fall within the scope of claims cognizable under § 2241. First, Tucker does not contend that he is actually innocent of the underlying conviction for conspiracy to traffic in illegal narcotics, but only that the enhancement of his *sentence* was unconstitutional. The Sixth Circuit has repeatedly held that "claims of sentencing error may not serve as the basis for an actual innocence claim." *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony"); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes*, 473 F. App'x at 502 (same).

Second, Tucker places reliance upon *Johnson*, an intervening Supreme Court decision which indicates that a portion of the ACCA, the same general statute used to enhance his sentence is unconstitutional, but which does not indicate that, as a matter of statutory interpretation, the statute in question did not render his conduct criminal. Because *Johnson* was not a "Supreme Court decision[] announcing new rules of statutory construction unavailable for attack under section 2255," *Hayes*,

6

473 F. App'x at 501-02, a habeas corpus petition under § 2241 is not an appropriate or available mechanism to pursue a claim under that decision. Cf. *Bishop v. Cross*, No. 15-CV-854-DRH, 2015 WL 5121438, at *2-3 (S.D. Ill. Aug. 31, 2015) (holding that habeas petition seeking relief from § 4B1.1 enhancement in light of *Johnson* was not cognizable under § 2241, but must instead be brought by motion under § 2255); *Hollywood v. Rivera*, No. 2:15CV113 JM/BD, 2015 WL 5050253, at *2 (E.D. Ark. Aug. 4, 2015) (same).[1] The foregoing establish that a claim under *Johnson* is not cognizable in a habeas corpus petition filed under 28 U.S.C. § 2241.

Even if this were not so, Tucker faces at least one, and perhaps two, additional and insuperable hurdles to relief. As noted above, Tucker is barred from collaterally attacking his sentence pursuant to the waiver provision in his plea agreement. Tucker's unequivocal waiver of his right to collaterally attack his sentence is enforceable in a habeas corpus proceeding under § 2241 and precludes him from using this proceeding to challenge the very sentence he agreed to serve in

---

[1] These cases indicate that, if *Johnson* provides any remedy to those situated similarly to Tucker, it might be through a second or successive motion for relief under 28 U.S.C. § 2255. In this regard, the federal courts have appeal have reached differing conclusions with respect to whether the *Johnson* decision is retroactively applicable to cases on collateral review for purposes of § 2255(h)(2). Compare *Price v. United States*, 795 F. 3d 731 (7th Cir. 2015) with *In re: Rivero*, __ F. 3d __, 2015 WL 4747749, at *2, (11th Cir. Aug. 12, 2015). The Sixth Circuit has yet to address the question.

his plea agreement. *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011); *Peete v. United States*, No. 11-cv-2242, 2013 WL 3199834, at *1-2 (C.D. Ill. June 24, 2013); *Gonzalez v. Warden of MCC New York*, No. 12-Civ. 6910, 2013 WL 144956 (S.D.N.Y. Jan. 14, 2013). And the fact that the petitioner waived his right to seek relief under § 2255 as part of a plea agreement does not render the remedy available under § 2255 "inadequate or ineffective." *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013).

Finally, the record strongly suggests (although it does not conclusively establish) that Tucker's sentence was enhanced under the ACCA not because he had prior convictions for "violent felonies" under § 924(e)(2)(B), but because he had four prior convictions for "serious drug offenses" under § 924(e)(2)(A). As noted above, Tucker expressly conceded in his plea agreement that he had "four prior felony drug trafficking convictions in the Barren County, Kentucky, Circuit Court," and these convictions likely formed the basis for the ACCA enhancement. The statute provides that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony or a serious drug offense, or both ... such person shall be ... imprisoned not less than fifteen years ..." 18 U.S.C. § 924(e)(1). If so, the Supreme Court's decision in *Johnson*

has no bearing upon the portion of the ACCA used to enhance Tucker's sentence. *Johnson*, 135 S. Ct. at 2563.

Accordingly, **IT IS ORDERED** that:

1. Petitioner Tucker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 1st day of October, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge

9